# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF GEORGIA

DEBTOR(S): **William J. Huffman**                                                     Chapter 13
SS#:          xxx-xx-3462                                                              Case No.

## CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of **$ 296/week.**

2. From the payments so received, the Trustee shall make disbursements as follows:

    (a) The Trustee percentage as set by the United States Trustee.

    (b) The monthly payments will be made on the following long term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT |
|---|---|---|
| **Seterus** | **August, 2017** | **$668/mo.** |

    (c) Pre confirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts AFTER the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| **None** | |

    (d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a).

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| **None** | | | | |

    (e) After confirmation of the plan the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAY |
|---|---|---|---|---|---|
| **None** | | | | | |

    (f) Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of **$3,000** to be paid as follows:

| AMOUNT | MONTHLY PAYMENT |
|---|---|
| Fees to be paid per this Court's Administrative Order | |

    (g) After the above are paid, distributions will be made to cure arrearages and other secured debts, whose claims are duly proven and allowed, as follows:

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | PAYMENT |
|---|---|---|---|---|---|
| **Seterus** | **$14,900** | **Arrears** | ----- | **Real property** | **pro rata** |

    (h) The following collateral is surrendered to the creditor:

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| **None** | |

    (i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will/will not be made simultaneously with payment of the secured debt and will/will not include interest at the rate of ____%. Interest can only be included if the plan is proposing to pay all claims in full. If this is left blank, no interest will be paid.)

NAME OF CREDITOR                                         PAYMENT AMOUNT

    **None**

(j) The following unsecured claims are classified to be paid at 100%. These payments will/will not be made simultaneously with payment of the secured debt:

    **None**

(k) All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

**Wilkinson County Tax Department - past due property taxes - 2016 - estimated to be $1,900**

(l) The debtor(s) will be the disbursing agent(s) on the following debt(s):

**Wells Fargo - long term, cosigned debt - 2011 Ford Escape - $311/mo. - current**

(m) Special Provisions:
- All non-purchase money, non-possessory security interest(s) in household goods, appliances, and furnishings of **N/A** shall be voided upon confirmation of the plan and shall be extinguished upon discharge of the debtor(s) under chapter 13, or if converted, under chapter 7. Titles to all vehicles shall be released to the debtor(s) with all liens canceled upon completion of the chapter 13 plan. Judgement, or judicial liens, held by **N/A** against the debtor(s) shall be voided upon discharge of the debtor(s) under chapter 13, or if converted, under chapter 7.
- All lien avoidance motions or litigation, either by the debtor or the trustee, involving the validity of liens, or preference actions will be reserved and can be pursued after confirmation. Successful lien avoidance or preference actions will be grounds for modification of the plan.

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

    (i) Debtor will pay all of his disposable income as shown on Form B22C of $ __0__ to the non priority unsecured creditors in order to be eligible for a discharge.

    (ii) If the debtor filed a Chapter 7 case, the unsecured creditors would receive $ __0__. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge.

    (iii) The debtor will pay $ __0__ to the general unsecured creditors to be distributed pro rata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid: (choose to use a or b, NOT BOTH)

    (a) 0% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii), or (n)(iii), and the debtor pays in at least **36** monthly payments for eligible discharge.

    (b) the debtor(s) will make payments for _____ months and anticipates a dividend of _____%, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii), or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property in the possession and control of the debtor shall be insured by the debtor. The chapter 13 Trustee will not and is not required to insure assets and has no liability for injury to any person, damage or loss to any property and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Date: 6/13/2017                                                      *William J. Huffman, Debtor*
                                                                     **William J. Huffman, Debtor**